# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN W. ROMINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-cv-008 |
| | ) |
| CHIEF DEPUTY GAUNT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a letter (Docket # 28) written by *pro se* Plaintiff Nathan Romine asking, in the words of 28 U.S.C. § 1915(e)(1), that this Court "request an attorney" to represent him in this 42 U.S.C. § 1983 case. The Court took the request under advisement and sent a Questionnaire to Romine to elicit more information. (Docket # 29.) He submitted the Questionnaire answers (unsigned) on September 25, 2008. (Docket # 31.) Because Romine's case is not a difficult one and since he is competent to litigate it, his request for appointment of counsel will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id*. Stated another way, the district court must ascertain "whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id*. And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

**ANALYSIS**

Applying the foregoing two-fold inquiry to the instant circumstances, it shows that Romine is competent to represent himself in this case. To explain, this suit is a relatively straightforward § 1983 action, as Romine claims that his fourth amendment rights were violated in connection with the delivery of his mail, some of which was marked as "attorney-client correspondence," while he was an inmate at Adams County Law Enforcement Center. (Docket # 1.) Thus, the first factor – the difficulty of his claims – cuts against Romine's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial

in a relatively simple § 1983 case).

Second, Romine has already adequately articulated his claims in this case and sought relief through various motions. (*See, e.g.*, Docket # 1-3, 5, 7-11, 16, 27-28, 30-31.) On that score, on July 17, 2008, he appeared telephonically at the preliminary pretrial conference with this Court and demonstrated good communication skills. (Docket # 27.) Moreover, the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable. As a result, the second factor of the two-fold inquiry - the plaintiff's competence to litigate the claims himself - also fails to support Romine's request for counsel. Furthermore, it is unclear whether Romine even still wants counsel because at the same time he submitted his Questionnaire, he also filed a letter stating that he was representing himself. (*See* Docket # 30.)

Considering the foregoing, Romine appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his request that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's request for appointment of counsel (Docket # 28) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 26th day of September, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge