UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN W. ROMINE | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|    v. | )    CASE NO. 1:08-CV-8 |
| | ) |
| **CHIEF DEPUTY GAUNT and** | ) |
| **KEVIN MCINTOSH** | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION and ORDER

This matter is before the Court on the Motion of the defendants, Chief Deputy Gaunt and Kevin McIntosh, seeking to extend discovery to March 16, 2009. (DE# 35). For the reasons provided, the motion will be denied.

The motion recites that the defendants did not commence discovery until after the Court ruled on the *pro se* plaintiff's request for appointment of counsel and thus did not begin the process until October 8, 2008. Counsel does not say in the motion why discovery did not commence sooner, such as immediately following the July 17, 2008, scheduling conference.

In any event, counsel has apparently taken the plaintiff's deposition and received many of the documents requested on October 8, 2008 (DE# 34). The current motion does not state whether more discovery is due from the plaintiff in connection with the defendants' request for production and in fact, suggests that discovery should be extended only because counsel "anticipates the plaintiff's response [to the defendants' anticipated motion for summary judgment] will be due in January and may necessitate the taking of additional depositions." (see Mot. to Extend Disc. Deadline ¶ 11.) Counsel does not explain why the plaintiff's response would require taking more depositions and more importantly, does not suggest why these depositions (if truly anticipated) could not have been taken

sooner.

The standard for granting the relief sought by the defendants is clear. "Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R. Civ. P. 16(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

On this record, counsel does not offer a convincing case of "good cause." The very short delay for the consideration of the appointment of counsel took slightly more than two weeks. Yet counsel suggests that this two week delay forms the basis for more than two months worth of additional discovery. Stated simply, in a case such as this, with due diligence, discovery seemingly could have been completed in the time originally allotted by the parties and the Court.

Moreover, the Court originally established a schedule in this case (as it does in almost every case) where discovery precedes and is concluded before any dispositive motions are filed. If counsel thought that in this case, for whatever reason, dispositive motions should precede the close of discovery, he should have brought that to the Court's attention at the scheduling conference. Again, good cause has not been shown such that the Court feels compelled to flip-flop the schedule earlier established. Fed. R. Civ. P. 16(b)(4).

Accordingly, the Motion to Extend Discovery Deadline to March 16, 2009 (DE# 35), is

DENIED.



December 23, 2008                    S/Roger B. Cosbey
DATE                                 MAGISTRATE JUDGE ROGER B. COSBEY,
                                     UNITED STATES DISTRICT COURT FOR
                                     THE NORTHERN DISTRICT OF INDIANA