# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

NATHAN W. ROMINE,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        CAUSE NO.: 1:08-CV-8-TS
                                 )
CHIEF DEPUTY GAUNT and           )
KEVIN MCINTOSH,                  )
                                 )
        Defendants.              )

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment, filed by the

Defendants. This Motion [DE 39] was filed in an unredacted form on February 10, 2009, but the

Motion and the attached Exhibits were sealed by the Court. The Court ordered the Defendants to

file redacted copies of the Motion and Exhibits that comply with Federal Rule of Civil Procedure

5.2. On February 20, the Defendants filed their Motion [DE 44] and Exhibits in a redacted form.

On February 10, the Defendants gave Notice [DE 41] to the *pro se* Plaintiff pursuant to *Kincaid*

*v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); *Timms v. Frank*, 953 F.2d 281, 285–86 (7th Cir.

1992); and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). As of the date of this Opinion and

Order, the Plaintiff has not responded or otherwise opposed the Defendant's Motion.


## BACKGROUND

Nathan Romine, a prisoner currently confined at the Miami Correctional Facility,

submitted a Prisoner Complaint under 42 U.S.C. § 1983, alleging the violation of his federally

protected rights while he was confined at the Adams County Jail. The Court screened the

Complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed against Defendants Chief Deputy Gaunt and Officer Kevin McIntosh for damages on his claim that they opened and read his legal mail, and dismissed all other claims and Defendants. The Defendants filed a Motion for Summary Judgment, a Memorandum of Law in Support [DE 40], and evidentiary materials. The Plaintiff has not responded.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw

2

from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. Under Local Rule 56.1(b), a court is to assume that the facts claimed by the moving party and supported by admissible evidence are admitted to exist without controversy, except to the extent that such facts are controverted in a "Statement of Genuine Issues" and supported by admissible evidence.

## DISCUSSION

In his Complaint, the Plaintiff alleges that Chief Deputy Gaunt opened and read his legal mail, even though it was clearly marked as attorney-client correspondence. He also alleges that Officer Kevin McIntosh delivered his legal mail to him already opened on one occasion. Prison and jail officials may not read an inmate's privileged legal mail, although they may open it and inspect it for contraband in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (upholding prison procedure of inspecting but not reading legal mail in part because no threat of chilled communications); *Gaines v. Lane*, 790 F.2d 1299, 1305–06 (7th Cir. 1986) (upholding policy allowing prison officials to open and inspect but not to read privileged mail in inmate's presence).

In support of their Motion for Summary Judgment, the Defendants submit Affidavits, portions of the Plaintiff's deposition, and copies of documents received by the Plaintiff in the envelopes he says were opened. In his Affidavit, Defendant McIntosh states that "[a]t no time did I open Nathan Romine's mail outside of his presence." (Ex. C at ¶ 5, DE 44-5.) Defendant

Gaunt states in his Affidavit that, as chief deputy, he reviews all mail concerning sheriff's sales. (Ex. B, DE 44-4.) He states that on November 16, 2006, he "received a batch of mail concerning Sheriff's Sales ('Mail Batch'). An envelope addressed to Nathan Romine was inadvertently included in the Mail Batch by the sorter." (Ex. B at ¶ 7, DE 44-4.) Gaunt states that he did not notice the mistake and "mistakenly opened it," (Ex. B at ¶ 8, DE 44-4), that "[i]t was not apparent to me that the envelope was intended for Nathan Romine until after I read a few lines of a document in the envelope,"(Ex. B at ¶ 9, DE 44-4), and that upon realizing his mistake he "immediately took the envelope to Nathan Romine and apologized for accidentally opening it" (Ex. B at ¶ 10, DE 44-4). Additionally, the Defendants have submitted evidence demonstrating that the mail Defendant Gaunt accidentally opened did not contain any confidential documents. The materials in the envelope were composed of court filings, police investigation materials, and one letter to a witness. (Ex. A (Dep. Exs. "A" through "C," "E," and "G" through "R"), DE 44-2 & 44-3.) The Defendants argue that these documents did not contain any confidential documents, that instead they contained harmless information and, with one exception, public information, and that there was no interference with the Plaintiff's right to counsel or access to the courts.

The Plaintiff has produced no evidence that would contradict or create an issue of fact regarding the Defendants' version of events, and in his deposition he conceded that the contents of the envelope opened by Defendant Gaunt were as described by the Defendants. (Ex A, Romine Dep. 53, 50, and 67.) The Plaintiff also conceded that the envelope he alleges Defendant McIntosh delivered to him was not attorney-client mail; instead, the letter was from Mr. Kenneth Falk of the American Civil Liberties Union. (Ex A, Romine Dep. 79 and 80.) Nothing in this Falk letter, which was the only thing in the envelope, could be characterized as legal advice. (Ex A, Romine Dep. 83 and 86). In his letter, Mr. Falk informed the Plaintiff that he could not

provide him with any legal advice, and Mr. Falk never entered an appearance on behalf of the Plaintiff in any proceeding, never prepared any pleadings on behalf of the Plaintiff, and informed Romine that he would not be his attorney. (Ex A, Romine Dep. 82–85.) The Plaintiff has never paid Falk for any services as an attorney. (Ex A, Romine Dep. 84 and 85.) The Plaintiff also acknowledged that he did not see who opened the Falk envelope, and that someone other than Defendant McIntosh might have opened that envelope. (Ex A, Romine Dep. 87.)

The Defendants first argue that they should be granted summary judgment because the Plaintiff has conceded that he did not suffer any physical injury from the Defendants' actions. The Defendants assert that "[t]he Prison Litigation Reform Act, 47 U.S.C. Section 1997e ('PLRA') requires inmates to show that the alleged conduct complained of resulted in a physical injury. The Plaintiff cannot show any physical injury as a result of either incident alleged. Consequently, his claims are barred by the PLRA." (Defs.' Memo. in Support 5.) The Defendants rely on 42 U.S.C. § 1997e(e) for the proposition that physical injury is a requisite for establishing any constitutional claim by a prisoner, but their reliance on this statute is misplaced. The Seventh Circuit has instructed:

> As we have observed before and reemphasize here, it would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits. On several occasions we have explained that § 1997e(e) may limit the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether. As its title suggests, § 1997e(e) is a "limitation on recovery." Accordingly, physical injury is merely a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself.

*Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003) (quotation marks and internal citations omitted). Section 1997e(e) precludes any claim by the Plaintiff for mental and emotional injury because he does not allege a physical injury from having his mail opened outside his presence.

This section, however, does not authorize the granting of summary judgment on the federal civil action itself, and if the Plaintiff prevails, he may be awarded nominal damages or any actual damages he may be able to prove.

The Defendants also assert that they are entitled to summary judgment on the merits of the Plaintiff's claim. Although prisoners enjoy some constitutional protection in their mail, especially mail from their attorneys, *Wolff*, 418 U.S. at 577, the inadvertent or negligent opening of an inmate's legal mail on one or two occasions does not violate the inmate's constitutional rights. *See Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) (stating that, "[w]hen access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (stating that, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that the prison officials regularly and unjustifiably interfered with the incoming legal mail.") (quotation marks and internal citations omitted); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (holding that a mere isolated incident of negligence does not rise to the level of a constitutional violation).

The Plaintiff has not presented any evidence tending to show that anything other than negligence resulted in the opening of his mail. Moreover, the mail to the Plaintiff from Mr. Falk did not constitute attorney-client mail, and all but one of the documents in the letter Defendant Gaunt mistakenly opened were public documents. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (explaining that "with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how

Kimberlin could be hurt if the defendant read these documents before or after Kimberlin does."").

Defendant McIntosh has denied that he ever opened any of the Plaintiff's mail, and Defendant

Gaunt has stated that he opened the Plaintiff's legal mail inadvertently and stopped reading as

soon as he realized his mistake. Furthermore, the Defendants urge that the items in the envelope

did not constitute legal mail. Because the Plaintiff has not come forth with admissible evidence

that disputes the Defendants' sworn statements and the other evidence provided by them, he has

not met his burden of coming forth with evidence having the tendency to show that the opening

of his legal mail was intentional or that Defendant McIntosh opened his mail at all. Accordingly,

the Defendants are entitled to summary judgment.

The Defendants have also argued that they are entitled to qualified immunity.

"Governmental actors performing discretionary functions enjoy qualified immunity and are

shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

*Chaklos v. Stevens*, — F.3d —, 2009 WL 807577, at *3 (7th Cir. Mar. 30, 2009) (quotation

marks and internal citations omitted). Two factors apply in considering whether state actors are

entitled to qualified immunity: whether the facts, taken in the light most favorable to the

Plaintiff, would allow a reasonable fact finder to determine that he has been deprived of a

constitutional right; and whether the particular constitutional right was clearly established at the

time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Pearson v.

Callahan,* 129 S.Ct. 808, 818 (2009) (permitting the judges of the district courts and the courts of

appeals to exercise their discretion in deciding which of the two prongs to address first). In this

case, the Plaintiff has not come forward with any evidence that would have the tendency to show

that the Defendants violated any of his clearly established constitutional rights, and the

Defendants have brought forward admissible evidence showing that they did not violate the Plaintiff's constitutional rights. For this reason, the Defendants are entitled to qualified immunity.

For the foregoing reasons, the Court GRANTS the Defendants' Motion for Summary Judgment [DE 44] and DIRECTS the Clerk to enter judgment in favor of the Defendants and against the Plaintiff.

SO ORDERED on April 7, 2009.

 S/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION